FILED

2018 JUL 27 PM 2:31

MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

IN THE COURT OF COMMON PLEAS
LAKE COUNTY, OHIO

EDWARD SIMACEK, II
6555 Brookland Avenue
Solon, OH 44139,

    Plaintiffs

v.

MERCER TRANSPORTATION CO., INC.
c/o CT Corporation System, Statutory Agent
306 West Main Street, STE 512
Frankfort, KY 40601

and

RONALD ARTHAUD
796 Lakepoint Road
Alford, FL 32420

2824 Baker Avenue
Marianna, FL 32448

    Defendants.

CASE NO.

18CV001197
JOHN P. O'DONNELL

**COMPLAINT**

(Jury Demanded Endorsed Herein)

Now comes Plaintiff, Edward Simacek, by and through his attorney, and for his Complaint states as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Edward Simacek (hereinafter referred to as "Plaintiff"), at all times pertinent hereto, resided at 6555 Brookland Avenue, County of Cuyahoga, State of Ohio.

2. Defendant Mercer Transportation Co., Inc. (hereinafter referred to as "Mercer"), is a corporation organized and existing under the law of the State of Kentucky operating as an interstate motor carrier under U.S. DOT# 0154712 operating with its headquarters at 1128 West Main Street, City of Louisville, State of Kentucky.



EXHIBIT A

3. Defendant Ronald Arthaud (hereinafter referred to as "Arthaud"), resides either at 796 Lakepoint Road, City of Alford, State of Florida or 2824 Baker Avenue, City of Marianna, State of Florida. At all times pertinent hereto, Defendant Arthaud was acting in the course and scope of his employment with, and/or was an agent of Defendant Mercer and was operating the subject commercial motor vehicle owned and/or leased by said Defendant and on their behalf.

**FIRST CLAIM FOR RELIEF**
**(Compensatory Damages)**

4. Plaintiff incorporates each and every fact, statement, and allegation made and contained in paragraphs 1 through 3 as though expressly rewritten and restated herein.

5. On or about November 9, 2016, Defendant Arthaud, operating a commercial motor vehicle eastbound on IR 90, in the City of Concord, County of Lake, Ohio, when he negligently and recklessly changed lanes causing his commercial motor vehicle to collide with Plaintiff's vehicle and causing Plaintiff to suffer serious and permanent injuries.

6. Among other things, Defendant Arthaud negligently failed to:

   a. manage space around his vehicle;

   b. follow pavement markers;

   c. maintain control of his vehicle;

   d. drive within a safe speed limit;

   e. keep a proper lookout; and,

   f. reasonably judge the closeness of the Plaintiff's vehicle.

7. At all times relevant, Defendant Arthaud was an agent and/or employee of Defendant Mercer and was acting in the course and scope of his agency and/or employment with this Defendant, who is responsible for the conduct of Defendant Arthaud under principles of *respondeat superior*.

8. At all times relevant, the commercial motor vehicle described herein was operating under U.S. DOT#0154712 registered to Defendant Mercer, who is therefore responsible for the conduct of the Defendant Arthaud, as a matter of law.

2

9. Irrespective of the employment/contractual relationship, Mercer is a motor carrier subject to Federal Motor Carrier Safety Administration (FMCSA) Regulations and State Regulations and is therefore responsible for the acts of Defendant Arthaud.

10. In addition, Defendant Arthaud was not competent to operate the commercial motor vehicle, which incompetence was known or should have been known to Defendant Mercer and/or its agents. As a consequence, Mercer and/or its agents were negligent in entrusting the commercial motor vehicle to Defendant Arthaud, which negligence was a direct and proximate cause of the injuries and damages sustained by Plaintiff.

11. Plaintiff further states that Mercer was negligent with vehicle maintenance and/or in hiring, training, supervising, dispatching, route management, route planning, and/or retaining Defendant Arthaud as a commercial motor vehicle driver, which resulted in creating a danger and hazard to the traveling public and anyone using public roadways.

12. As a direct and proximate result of the negligence of the Defendants, Plaintiff was caused to suffer serious and permanent injuries.

13. As a further direct and proximate result of the above-mentioned acts of negligence of the Defendants, Plaintiff was caused to seek necessary medical care and attention and, in all likelihood, will be forced to incur additional medical care and treatment into the indefinite future.

14. As a further direct and proximate result of the above-mentioned acts of negligence of the Defendants, Plaintiff's ability to live and work free from pain, discomfort, disability and restriction has been permanently impaired.

## SECOND CLAIM FOR RELIEF
### (Punitive Damages)

15. Plaintiff incorporates each and every fact, statement, and allegation made and contained in paragraphs 1 through 14 as though expressly rewritten and restated herein.

16. Defendants knowingly placed a dangerous commercial motor vehicle on the public roadways when they knew that it had been found in violation of State Rules and FMCSA Code.

3

17. Defendant Arthaud's conduct in operating the truck and the conduct of Defendant Mercer, in hiring, training, retaining, dispatching, entrusting and/or supervising Defendant Arthaud, constituted willful and/or reckless misconduct, a reckless disregard for the rights and safety of others and a willful indifference, thereby raising the presumption of conscious indifference for the rights and safety of the motoring public, including Plaintiff.

18. Defendant Mercer had actual or constructive knowledge of facts, or intentionally avoided learning facts or recklessly disregarded facts that drivers had patterns of unsafe driving behavior and questionable driver fitness, including Defendant Arthaud.

19. Because Defendants' tortious acts and/or omissions were so gross and culpable in nature, such acts and omissions constitute a willful and wanton disregard for the rights and safety of others. Specifically, the acts/omissions constitute a complete disregard for the rights and safety of the motoring public, including Plaintiff.

20. The aforementioned conduct of the Defendants was in the conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm. Further, the Defendants acted with actual malice toward the traveling public, including Plaintiff.

21. As a result of the foregoing, Plaintiffs are entitled to recover punitive damages as a result of the Defendants' willful and wanton tortious acts and/or omissions so as to deter Defendants and their drivers from committing the same or similar misconduct which endangers the general safety of the public, including Plaintiff.

WHEREFORE, Plaintiff, Edward Simacek, prays for judgment against the Defendants, Mercer Transportation Co., Inc. and Ronald Arthaud, jointly and/or severally, individually and/or collectively, for compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) and, punitive damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), together with interest, costs, attorney's fees, and such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/ David M. Paris

David M. Paris, Esq. (#0001358)
NURENBERG, PARIS, HELLER &
 MCCARTHY CO., L.P.A.
600 Superior Avenue E, Suite 1200
Cleveland OH 44114-2654
Tel: (216) 621-2300; Fax: (216) 771-2242
Email: DParis@nphm.com

Attorney for Plaintiff

## JURY DEMAND

A trial by jury before the maximum number of jurors allowed by law is hereby demanded.

/s/ David M. Paris

David M. Paris, Esq. (#0001358)
Attorney for Plaintiff

## SUMMONS
## COURT OF COMMON PLEAS
## LAKE COUNTY OHIO

EDWARD SIMACEK II
        Plaintiff

VS.

        Case Number: **18CV001197**
        Judge JOHN P. O'DONNELL

MERCER TRANSPORTATION CO INC et al
        Defendant

To the following named DEFENDANT(S):
    MERCER TRANSPORTATION CO INC
    C/O CT CORPORATION SYSTEM STAT AGENT
    306 WEST MAIN STREET STE 512
    FRANKFORT KY 40601

You have been named a Defendant in a complaint filed in the Lake County Court of Common Pleas, Lake County Courthouse, Painesville, Ohio. A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

    DAVID M. PARIS ESQ
    NURENBERG, PARIS, HELLER & MCCARTHY CO L.P.A.
    600 SUPERIOR AVENUE, EAST #1200
    CLEVELAND OH 44114

You are hereby summoned and required to do the following:

1. Within 28 days after service of this Summons upon you, serve a copy of an Answer to the Complaint on the Plaintiff's Attorney or on the Plaintiff, if he/she has no attorney of record;

2. Within 3 days after you serve the Plaintiff or the Plaintiff's Attorney, file an Answer with your original signature with the Lake County Clerk of Court.

**Calculations of time are exclusive of the day of service.**

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

        Maureen G. Kelly
        Clerk, Court of Common Pleas
        Lake County, Ohio
        25 N. Park Place
        Painesville OH 44077

        By *Kristi Doerrige*
        Deputy Clerk

August 3, 2018



| | | |
|---|---|---|
| | | **Service of Process Transmittal**<br>08/09/2018<br>CT Log Number 533852431 |
| **TO:** | Joe West<br>MERCER TRANSPORTATION CO INC<br>1128 W Main St<br>Louisville, KY 40203-1400 | |
| **RE:** | **Process Served in Kentucky** | |
| **FOR:** | MERCER TRANSPORTATION CO., INC. (Domestic State: IN) | |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Edward Simacek, II, Pltf, vs. MERCER TRANSPORTATION CO., INC. and Ronald Arthaud, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment |
| **COURT/AGENCY:** | Lake County COurt of Common Please, OH<br>Case # 18CV001197 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 11/09/2016 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/09/2018 postmarked on 08/06/2018 |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days after service |
| **ATTORNEY(S) / SENDER(S):** | David A Paris<br>Nurenberg, Paris, Heller & McCarthy Co LPA<br>600 West Broadway E<br>Suite 1200<br>Cleveland, OH 4414-2654<br>216-621-2300 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780135668940 |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601<br>609-538-1818 |

Page 1 of 1 / HN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



Maureen G. Kelly
CLERK OF COMMON PLEAS COURT
LAKE COUNTY COURTHOUSE, WEST
25 N. PARK PLACE
PAINESVILLE, OHIO 44077-3416



9414 7266 9904 2127 9820 11

FIRST-CLASS MAIL
neopost
08/06/2018
US POSTAGE $006.88
ZIP 44077
041L11252997



18CV001197
9 414 7266 9904 2127 9820 11

MERCER TRANSPORTATION CO IN
C/O CT CORPORATION SYSTEM STAT
306 WEST MAIN STREET STE 512
FRANKFORT, KY 40601

40601$1840 C003